IN THE CIRCUIT COURT OF TENNESSEE
FOR THE TWENTY-SEVENTH JUDICIAL DISTRICT AT UNION CITY

OBION COUNTY
CIRCUIT COURT CLERK
FILED A.M.
11:00
OCT 01 2021
HARRY JOHNSON
_____ cm ___D.C.

| | |
|---|---|
| LYNN ROLAND BLACKBURN | |
| Plaintiff, | |
| Vs. | No.: CC-21-CV-28 |
| TYSON FARMS, INC. d/b/a TYSON FOODS FEED MILL – SOUTH FULTON | JURY DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff, Lynn Roland Blackburn files this Complaint against Tyson Farms, Inc. ("Tyson"); and respectfully would show as follows:

### I. PARTIES

1. Plaintiff Lynn Roland Blackburn ("Mr. Blackburn") is an adult resident of Trenton County, Trenton, Tennessee. Plaintiff is bringing this action and is before the Court to recover damages for personal injuries caused by the acts and/or omissions of the Defendant named herein.

2. Defendant Tyson Farms, Inc., is a foreign corporation organized and qualified to do business and doing business in Humboldt, Obion County, with its principal place of business located at 2200 W Don Tyson Pkwy #CP131, Springdale, AR. Tyson Foods Feed Mill – South Fulton is located at 5100 Tim Rice Road, South Fulton, TN 38257. Tyson Farms, Inc., can be served through its registered agent, CT Corporation System, 300 Montvue Road, Knoxville, TN 37919-5546.

### II. JURISDICTION AND VENUE

1

3. This Court has jurisdiction pursuant to inter alia, TCA §16-10-101.

4. Venue is proper in this Court pursuant to inter alia, TCA §20-4-101, because all or part of this cause of action arose within Obion County, Tennessee.

5. Defendant Tyson Farms, Inc., has been served properly served with process in this matter.

### III.   FACTS AND ALLEGATIONS

The allegations set forth in the previous paragraphs are incorporated herein by reference.

6. On October 2, 2020, Plaintiff arrived on the premises of Tyson Foods Feed Mill – South Fulton is located at 5100 Tim Rice Road, South Fulton, TN 38257, to deliver corn

7. As Plaintiff attempted to cross the parking lot with his delivery, he slipped on spilled soybeans and violently fell to the ground, causing severe pain and a fractured left hip.

8. As a direct and proximate result of the fall, Plaintiff has incurred medical expenses and will continue to incur such expenses, experienced pain and suffering, mental and physical suffering and permanent impaired physical mobility.

9. At said time and place, Plaintiff, was a lawful guest upon the premises of the Defendant, Tyson Foods Feed Mill – South Fulton who owed Plaintiff a nondelegable duty to exercise reasonable care for her safety.

### IV.   COUNT I – CLAIM FOR PREMISES LIABILITY AGAINST DEFENDANT, TYSON FOODS FEED MILL – SOUTH FULTON.

10. Plaintiff realleges and reasserts the allegations contained within paragraphs one (1) through nine (9) as if fully set forth herein.

11. At said time and place, Defendant owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous condition on their premises.

12. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

a) Negligently failing to maintain or adequately maintain the facility's entrance, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

c) Negligently failing to inspect or adequately inspect the facility's entrance, as specified above, to ascertain whether the parking lot, which was poorly maintained, constituted a hazard to patrons utilizing said front entrance area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the parking lot, when Defendant knew or through the exercise of reasonable care should have known that said premises' parking lot was unreasonably dangerous and that Plaintiff was unaware of same;

e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the parking lot, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the parking lot for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the parking lot for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated in the parking lot despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting the parking lot for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the parking lot the subject premises;

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the parking lot in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

m) Negligently failing to act reasonably under the circumstances;

n) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p) Negligently failing to maintain and provide a safe parking lot at the subject premises;

q) Negligently selecting and/or utilizing material that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the parking lot.

13. As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on spilled soybeans in the parking lot outside the front entrance area, sustaining significant personal injuries.

14. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, and medical care and

treatment. The losses are either permanent or continuing and Plaintiff may continue to suffer the losses in the future.

## V. COUNT II – CLAIM OF NEGLIGENCE UNDER THE NON-DELEGABLE DUTY DOCTRINE AGAINST DEFENDANT, TYSON FOODS FEED MILL – SOUTH FULTON.

15. Plaintiff reasserts and realleges the allegations contained within paragraphs one (1) through fourteen (14) as if fully set forth herein.

16. At said time and place, Defendant owned, controlled, and/or possessed the business premises.

17. At said time and place, and by virtue of their ownership, control, and/or possession of the premises, Defendant owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition.

18. At said time and place, Defendant breached these duties to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the facility's entrance, thus creating a hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff

   b) Negligently creating a slip hazard to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   c) Negligently failing to inspect or adequately inspect the facility's entrance, as specified above, to ascertain whether the parking lot, which was poorly maintained, constituted a hazard to patrons utilizing said front entrance area, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

   d) Negligently failing to inspect or adequately warn the Plaintiff of the danger of the parking lot, when Defendant knew or through the exercise of reasonable care should have known that said premises' parking lot was unreasonably dangerous and that Plaintiff was unaware of same;

   e) Negligently failing to correct and/or inspect and/or maintain and/ repair and/or adequately correct and/or replace the unreasonably dangerous condition of the

parking lot, when said condition was either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care;

f) Negligently failing to have adequate staff on duty and/or assigned to the task of inspecting and/or maintaining the parking lot for dangerous conditions;

g) Negligently failing to train and/or inadequately training its employees to inspect, maintain, and/or repair the parking lot for dangerous conditions;

h) Negligently failing to follow its own corporate policy(ies) regarding the dangerous condition;

i) Negligently failing to have adequate policies in place to identify dangerous conditions that may have accumulated in the parking lot despite knowledge of prior slip and falls at the subject location caused by transitory foreign substances or other dangerous conditions that were not timely identified by Defendant's employees and corrected/remedied or for which notice was given to guests at the premises;

j) Negligently failing to enforce its stated policy that all associates are responsible for inspecting the parking lot for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

k) Negligently failing to enforce its stated policy of "don't pass it up, pick/clean it up" with respect to dangerous conditions that accumulate on the parking lot the subject premises;

l) Negligently failing to assign specific associates/employees to the task of solely monitoring the parking lot in the subject premises for dangerous conditions and correcting/remedying said conditions and/or warning guests of said conditions;

m) Negligently failing to act reasonably under the circumstances;

n) Negligently engaging in a mode of operations when Defendant knew, or should have known, that said mode of operations would result in dangerous conditions to the general public, including the Plaintiff herein;

o) Negligently engaging in routine or regular practice of business that was not the reasonable custom of the community

p) Negligently failing to maintain and provide a safe parking lot at the subject premises;

q) Negligently selecting and/or utilizing material that failed to provide a non-slip surface for customers, including the Plaintiff, when, based on Defendant's experience, Defendant knew or should have known spills were likely to occur on the parking lot.

19. As a result, while Plaintiff was visiting Defendant's business, he slipped and fell on soybeans spilled in the parking lot at the front entrance area, sustaining significant personal injuries.

20. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered bodily injury resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life and medical care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Lynn Roland Blackburn, sues the Defendant for the following relief and request judgment against the Defendant for:

(1) Present cash value of any medical care and treatment that she will have to undergo;

(2) Special damages for medical, hospital and doctors expenses incurred, according to proof;

(3) Compensatory damages in a just, fair and equitable amount to be determined by the jury after hearing the facts and issues of this case, not to exceed Seven Hundred Fifty Thousand Dollars ($750,000);

(4) Punitive damages against Tyson Farms, Inc., d/b/a Tyson Foods Feed Mill – South Fulton in an amount determined by the jury plus;

(5) Pre- and post judgment interest and all costs and expenses of this action; and

(6) Such other and further relief to which the Plaintiff may be entitled under law and equity.

**THE PLAINTIFF DEMANDS A JURY TO DETERMINE ALL ISSUES TRIABLE IN THIS CAUSE.**

Respectfully submitted,

MORGAN & MORGAN MEMPHIS, LLC

*[signature]*

Elaine Sheng, Esq. (TN BPR #18438)
Morgan & Morgan Memphis, LLC
80 Monroe, Suite 900
Memphis, Tennessee 38103
Phone: (901) 333-1918
Fax:    (901) 333-1882
esheng@forthepeople.com

*Attorney for Plaintiff*